**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 24-cv-24291-JB/Torres**

HERMAN L. CRAWFORD,

Plaintiff,

v.

CITY OF MIAMI POLICE DEPARTMENT,
*et al*,

Defendants.
_________________________________________/

**OMNIBUS ORDER ADOPTING REPORT AND RECOMMENDATIONS**

**THIS CAUSE** was referred to the Honorable Edwin G. Torres, United States Magistrate Judge, for a Report and Recommendation on all dispositive matters. ECF No. [7]. On August 20, 2026, Magistrate Judge Torres issued three separate Reports and Recommendations on the pending Motions to Dismiss. *First*, Magistrate Judge Torres issued a Report and Recommendation on Defendant Miami-Dade County Internal Services Department's ("ISD") Motion to Dismiss, ECF No. [57], recommending that (i) the Motion be granted, (ii) all claims against ISD be dismissed with prejudice, (iii) to the extent any claims are raised against ISD employees Francianne Dorvilus and Maria Smith, those claims be dismissed with prejudice, and (iv) ISD's Motion to Compel Plaintiff to withdraw first request for production of documents, ECF No. [87], be denied as moot (the "ISD R&R"). ECF No. [92]. Plaintiff filed objections to the ISD R&R (the "Objections"), to which ISD filed a Response. ECF Nos. [96], [106].

*Second*, Magistrate Judge Torres issued a Report and Recommendation on Defendant Miami Beach Police Officer Mercier's and Defendant Miami Beach Police Officer Suarez's Joint Motion to Dismiss, ECF No. [59], recommending that (i) the Motion be granted, (ii) to the extent any claims are raised against Defendant Officers in their official capacity or against Miami Beach Police Department, those claims be dismissed with prejudice, and (iii) to the extent Plaintiff is pursuing claims against Defendant Officers in their personal capacity, Plaintiff be given one final opportunity to amend, after which any such personal capacity claims, if insufficiently pleaded, will be dismissed with prejudice (the "Officers R&R"). ECF No. [95]. Plaintiff filed objections (the "Objections") to the Officers R&R. ECF No. [97].

*Third*, Magistrate Judge Torres issued an Amended Report and Recommendation on Defendant Miami Beach Housing Authority's ("MBHA") Motion to Dismiss, ECF No. [58], recommending that the Motion be granted and the claims against MBHA, as well as any claims against MBHA employee Belkis Lopez-Diaz to the extent they exist, be dismissed without prejudice, but Plaintiff be given one last opportunity to amend his complaint, after which these claims will be dismissed with prejudice if they are again insufficiently pleaded (the "MBHA R&R"). ECF No. [94]. Plaintiff filed objections (the "Objections") to the MBHA R&R, to which MBHA filed a Response. ECF Nos. [97], [107].

This Court has a duty to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." *Id.* The Court, having conducted a *de novo* review of the record and the issues presented in Plaintiff's Objections, agrees with Magistrate Judge Torres that the Motions to Dismiss should be granted.

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Objections, ECF Nos. [96],[97], are **OVERRULED**.[1]

2. United States Magistrate Judge Torres's Reports and Recommendations, ECF Nos. [92], [94], [95], are **AFFIRMED AND ADOPTED**.

3. Defendant Miami-Dade County Internal Services Department's Motion to Dismiss, ECF No. [57], is **GRANTED**. All claims against Miami-Dade County Internal Services Department are **DISMISSED WITH PREJUDICE**. To the extent any claims are raised against Francianne Dorvilus and Maria Smith, those claims are also **DISMISSED WITH PREJUDICE**.

4. Miami-Dade County Internal Services Department's Motion to Compel, ECF No. [87], is **DENIED AS MOOT**.

---

[1] In his Objections to the ISD R&R and the Officers R&R, Plaintiff requests to substitute Miami-Dade County and the City of Miami Beach as defendants in the place of ISD, the Officers in their official capacities, and the Miami Beach Police Department. This is not a valid objection to the R&Rs. Given that Plaintiff will have leave to amend, he may seek to address this in an amended complaint. The Court does not, at this juncture, make any determination as to whether an action against those defendants is proper as those issues are not before the Court.

5. Defendant Miami Beach Police Officer Mercier's and Defendant Miami Beach Police Officer Suarez's joint Motion to Dismiss, ECF No. [59], is **GRANTED**. All claims raised against Officer Mercier and Officer Suarez in their official capacities, or against Miami Beach Police Department, are **DISMISSED WITH PREJUDICE**.

6. Miami Beach Housing Authority's Motion to Dismiss, ECF No. [58], is **GRANTED**. All claims against Miami Beach Housing Authority, as well as all claims against Belkis Lopez-Diaz to the extent they exist, are **DISMISSED WITHOUT PREJUDICE**.

7. To the extent Plaintiff intends to raise claims against Officer Mercier or Officer Suarez in their personal capacities, or against Miami Beach Housing Authority or Belkis Lopez-Diaz, Plaintiff has one **final** opportunity to file an amended complaint.

8. Plaintiff is warned that if his amended complaint fails to cure the deficiencies identified in the R&Rs or again fails to state a claim for relief, Plaintiff's claims will be dismissed **WITH PREJUDICE**. Plaintiff shall file his amended complaint by **October 13, 2026**. Failure to file an amended complaint by this deadline will result in the dismissal of this action without prejudice and without further notice.

9. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 17th day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**